UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Karin Faucett | § § § § § § § § § § § | |
| | § | Civil Action No. |
| v | § | 5:18-cv-1257 |
| McCarthy & Holthus, LLP | § | |

Complaint

## Introduction

1. The Fair Debt Collection Practices Act protects consumers from unfair, abusive, and unreasonable debt collection practices. In enacting the FDCPA Congress enumerated the effects of the practices, stating that they contributed to the number of personal bankruptcies, to marital instability, the loss of jobs, and invasions of individual privacy.

2. The FDCPA is a strict liability statute, a showing of one violation is sufficient to award actual and statutory damages. In evaluating a communication under the FDCPA, a court courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming the Plaintiff-debtor is neither shrewd not experienced in dealing with creditors." *McMurray v ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

3. The FDCPA prohibits debt collectors from making false representations in connection with the collection of a debt. A non-exhaustive list of conduct constituting per se violations of the FDCPA is provided in 15 U.S.C. § 1692e. Among these are making a false representation as to the amount, character, or legal status of a debt, 15 U.S.C. § 1692e(2)(A); and the threat to take any action that can not legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect a debt 15 U.S.C. § 1692e(10).

4. The FDCPA requires that a debt collector provide specific information to a consumer at the outset of its collection attempts. 15 U.S.C. § 1692g(a). Among the information required to be provided is the amount of the debt. 15 U.S.C. § 1692g(a)(1). Providing an accurate statement of the amount of the debt is paramount. Overstating the amount of a debt causes obvious harm. Understating the amount harms a consumer by causing them to save up for and pay an amount that does not extinguish a debt.

5. The Texas Debt Collection Act is similar to the FDCPA in many respects. One way it differs is that it requires a debt collector to be have a bond on file with the Secretary of State before engaging in debt collection. Tex. Fin. Code 392.101.

6. Plaintiff brings this action for Defendant's violations of the FDCPA and TDCA and seeks actual and statutory damages and attorney's fees and costs.

## Jurisdiction & Venue

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

9. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

10. Plaintiff, Karin Faucett, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

11. Defendant, McCarthy & Holthus, LLP, is a California limited liability partnership whose mailing address is 411 Ivy St., San Diego, California 92121-2108. McCarthy's did not file a registered agent name or address with the Secretary of State.

## Facts

12. McCarthy regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

13. The principal purpose of McCarthy is the collection of such debts.
14. The Debt is a defaulted debt that Faucett used for personal, family, and household purposes (the "Debt").
15. In 1998 Faucett refinanced her home.
16. As a single mother she sometimes struggled to keep up with her payments.
17. In 2018, she fell behind on her mortgage payments.
18. In May 2018 she received a collection letter from McCarthy.
19. A true and correct copy of this letter is attached as Exhibit A, except that, per Fed. R. Civ. P. 5.2, it has been redacted.
20. The May 2, 2018 letter states that the total amount owed is $39,062.12.
21. In a statement from Seterus, the mortgage servicer from May 24, 2018, Faucett's balance is $36,026.99.
22. Faucett did not make a payment of $3,035.13 between May 2, 2018 and May 24, 2018.
23. McCarthy's letter failed to provide Faucett with the correct balance.
24. McCarthy does not have a bond on file with the Texas Secretary of State.
25. Without such a bond on file, McCarthy can not legally collect debts in the State of Texas.
26. Its threat that it intends to take efforts to collect a debt by the enforcement of a security interest, namely initiation of foreclosure proceedings, is false and misleading as it is unable to legally collect debts in Texas.

27. McCarthy's letter deprived Faucett of truthful, non-misleading information regarding her Debt.

## First Cause of Action – Fair Debt Collection Practices Act

28. McCarthy is a debt collector as defined by 15 U.S.C. § 1692a(6).

29. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

30. Faucett is a consumer as defined by 15 U.S.C. § 1692a(3).

31. The letter attached as Exhibit A is a communication as defined by 15 U.S.C. § 1692a(2).

32. The letter violated the FDCPA in that it:
    a. Made a false representation of the amount, character, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);
    b. Threatened to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);
    c. Made use of a false representation or deceptive means in collecting a debt in violation of 15 U.S.C. § 1692e(10); and
    d. Failed to provide an accurate statemen of the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

## Second Cause of Action – Texas Finance Code Chapter 392

33. Faucett is a consumer as defined by Tex. Fin. Code § 392.001(1).

34. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

35. McCarthy is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

36. Sending the letter is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

37. McCarthy, as a third party debt collector, is required by Tex. Fin. Code 392.101 to obtain a surety bond and file it with the Texas Secretary of State before engaging in debt collection.

38. The Secretary of State maintains a searchable database of debt collection bonds at https://direct.sos.state.tx.us/debtcollectors/DCSearch.asp. A search of this database on December 3, 2018 for "McCarthy", "Holthus", and "McCarthy & Holthus" shows that Defendant does not have a bond on file.

39. Defedant's letter uses false representations to collect a debt in violation of Tex. Fin. Code 392.304(a)(19).

## Jury Demand

40. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

   a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

   b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code §§ 392.403(b) and 392.403(e).

Dated: December 3, 2018              Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com